FILED
SUPERIOR COURT
OF GUAM

2021 JAN 15 PM 3:53

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| TERRITORY OF GUAM EX REL JOHN RYAN,<br><br>Plaintiff,<br><br>vs.<br><br>CARSON GUAM CORPORATION, JOHN DOES 1-4,<br><br>Defendant. | Superior Court Case No. <u>CV0163-20</u><br><br><br>**DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS VERIFIED COMPLAINT** |

In this qui tam action concerning alleged unpaid taxes, the Court considers Defendant Carson Guam Corporation's ("Carson") Motion to Dismiss Verified Complaint. After considering the moving papers, relevant law, and the parties' arguments, the Courts DENIES the Motion to Dismiss.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Relator John Ryan brings a Qui Tam action against Carson arising from Carson's alleged submission of false claims, in the form of tax avoidance, under the False Claims and Whistleblower Act. Compl. ¶ 1 (Feb. 18, 2020). Carson is a Guam corporation which imports and sells alcoholic beverages. Ryan claims that Carson sells alcohol "for a price less than the Tax Value of the case, or at a price that is close enough to the Tax Value that it would be impossible or unlikely for the wholesaler to sell at that price unless it was avoiding tax." Compl. ¶ 40. Ryan alleges that Carson sold two cases of Andong Soju, for $28.00 each while the taxes to be paid on those cases is $34.24 each. Compl. ¶¶ 42-43. Therefore, according to Ryan, Carson operates at a net loss of $12.48 for this transaction, or $6.48 per case sold, assuming these prices



apply for every transaction. Compl. ¶ 46.

Further, Carson's operating loss does not take into account the costs of employees, and the cost of the product itself, among other incidental costs of conducting business. Compl. ¶ 48. Therefore, Ryan alleges, the only way that Carson can continue to operate at such a loss, is if it does not pay the alcohol tax as required by Guam Law. Compl. ¶ 49. Ryan provided two invoices from two separate transactions, dated November 21, 2019 and December 19, 2019 respectively, to show the sales price of Andong Soju to retail store purchasers. *See* Compl., Exs. 2-3. Based upon these invoices, Ryan brought claims for Failure to Pay Tax (Count 1), Presenting a False Claim (Count 2) when Carson allegedly knowingly submitted false tax returns, and False Records and Statements (Count 3), when Carson allegedly failed to pay required taxes while certifying compliance on its license renewals. *See* Compl.

In response, Carson filed Defendant's Motion to Dismiss Verified Complaint on July 28, 2020. Carson argues that two invoices are not enough evidence to support "an untenable and unsupportable conclusion that Carson is not paying excise taxes. . . ." Mot. Dismiss at 2 (July 28, 2020). Further, it contends Ryan alleged legal conclusions that are unwarranted from the facts presented and therefore must be dismissed pursuant to Guam Rule of Civil Procedure 12(b)(6). Carson claims that Ryan did not plead fraud with particularity as required under federal and Guam law, and thus must be dismissed under Guam Rule of Civil Procedure 9(b).

## II.     LAW AND DISCUSSION

### A.     Motion To Dismiss under Rule 12(b)(6)

Carson first seeks dismissal pursuant to Rule 12(b)(6), claiming that Ryan has failed to state a claim on which relief can be granted. Under Rule 8(a), a claim shall be a "short and plain statement . . . showing that the pleader is entitled to relief." In rejecting federal plausibility

standard[1] to local civil pleadings, the Guam Supreme Court has stated that "the trial court should consider each and every claim . . . employing the *Conley* [*v. Gibson*, 355 U.S. 41, 45-47 (1957)] 'no set of facts' language." *Lujan v. J.L.H Trust*, 2016 Guam 24 ¶ 15; *Ukau v. Wang*, 2016 Guam 26 ¶ 32. As stated in *Conley*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Taitano v. Calvo Fin. Corp.*, 2008 12 ¶ 9 (citing *Epstein v. Washington Energy Co.*, 83 F.3d 124, 129 (9th Cir. 2007)). In essence, the purpose of a 12(b)(6) motion is to assess the legal feasibility of the claims, not to weigh the evidence which the plaintiff offers or intends to offer.

Carson offers several federal cases interpreting the Federal Claims Act and claims made thereunder, claiming they are persuasive to the Court in the resolution of this case under the Guam False Claims and Whistleblower Act. The Court hesitates to find much of the federal counterpart as persuasive. First, as stated above, the pleading requirements differ between the jurisdictions. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("we hold that claims of fraud or mistake – including [Federal Claims Act] claims – must in addition to pleading with particularity, also plead plausible allegations"). This Court must continue to apply *Conley* standard, and not the plausibility standard in assessing the sufficiency of the allegations.

---

[1] The U.S. Supreme Court held there is a "need at the pleading stage for allegations plausibly suggesting that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quoting FRCP 8(a)). Therefore, "[w]hile a complaint attacked by a . . . . motion to dismiss does not need detailed factual allegation, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Id.* at 555. The plausibility standard required that plaintiff needed to allege plausible facts connected to his claim for relief. Thus, a plaintiff needs to facially allege sufficient facts to "nudge[] their claims across the line from conceivable to probable." *Id.* at 570. This standard was extended to civil cases in federal courts. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Furthermore, the Court must make a distinction as to the type of claim permitted under Guam law versus federal law. Title 26 USC § 7401 states that "[n]o civil action for the collection or recovery of taxes . . . shall be commenced unless the Secretary authorizes or sanctions the proceedings or the Attorney General or his delegate directs that the action be commenced." Therefore, a civil suit for unpaid taxes is not allowed under the Federal Claims Act; however, it is permitted under the Guam False Claims and Whistleblower Act. *See* 5 GCA § 37102(a)(4). Finally, the Federal Claims Act has no provision approximating the whistleblower awards provision found in 5 GCA § 37103(a). Therefore, there are substantial differences between the Acts which render much of the federal case law inapplicable.

### 1. Failure To Pay Tax (Count 1)

On Guam, the sale of tax-free liquor is prohibited, as is the distribution of liquor for free. 11 GCA §§ 3430, 3435. The transportation or importation of alcoholic beverages for delivery or use without payment of the tax is similarly prohibited. 11 GCA § 3702. All alcoholic beverages sold in Guam are subject to an excise tax. 11 GCA § 26302. Wholesale dealers with licenses to sell alcohol are required to keep a copy of invoices filed so as to be readily available for inspection. 3 GAR § 2109. Businesses are not allowed to renew their business licenses without clearance from the Director of Revenue & Taxation that all taxes have been filed. 11 GCA § 70132.

In Count 1, Ryan alleges that Carson diverted money that should have otherwise been provided to the government of Guam. Title 5, Section 37102(a)(4) of the Guam Code Annotated subjects to liability an person who "has possession, custody, or control of property or money used, or to be used, by the government of Guam and knowingly delivers, or causes to be delivered, less than all of that money or property." Carson argues that Ryan (1) did not plead a

false statement or fraudulent course of conduct other than conclusory allegations, (2) did not plead scienter as required by the law, (3) did not allege a claim that Carson's false statement or fraudulent conduct was material and finally, and (4) did not plead submission of a claim. *See* Mot. Dismiss at 9-10.

As noted earlier, at this stage the Court does not judge the weight or sufficiency of the evidence presented. The Court instead must only assess whether "there is no set of facts" under which relief could be granted. *See Conley*, 355 U.S. at 45-47. Ryan has met that test. He has provided invoices and alleged that Carson sells alcohol at a net loss unless it is avoiding the excise tax as required by Guam law. Ryan is not required to prove that he will prevail at the pleading stage but only that recovery is possible. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Ryan has met this standard by supplying facts that could possibly support a claim under the Guam False Claims and Whistleblower Act, supplying invoices and inferences that could potentially show that Carson is avoiding its tax obligations. While Carson argues that even if the allegations are true, they are such a minute part of Carson's business that it cannot form a scheme by any means, such arguments go to the weight of the evidence and have no place in this analysis.

Next, Carson argues that Ryan did not plead any facts to support that the scienter requirement of "knowingly" under the act was met. The law provides:

> (b) the terms 'knowing' and 'knowingly'
> (1) mean that a person, with respect to information:
> (A) has actual knowledge of the information;
> (B) acts in deliberate ignorance of the truth or falsity of the information; or
> (C) acts in reckless disregard of the truth or falsity of the information; and
> (2) require no proof of specific intent to defraud;



5 GCA § 37101.

The same facts that could potentially support a claim under Section 37012(a)(4), also support a potential claim of scienter. At the minimum, the law requires "acts in reckless disregard of the truth or falsity of the information" and the fact, if true as alleged, that Carson failed to pay excise taxes, could support an inference that they acted in reckless disregard of the fact that excise taxes were due. The Court, for the purposes of a Rule 12(b)(6) motion, must take the facts in the complaint as presumed to be true, and all inferences from those facts are liberally construed in favor of the non-moving party. *See First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. An inference that Carson was aware or should have been aware that excise taxes were due and recklessly disregarded whether taxes were due, is not an "unwarranted inference" based on the facts provided, assuming that the facts alleged are correct.

Carson also claims that Ryan did not allege a claim that Carson's false statement or fraudulent conduct was material and he did not plead submission of a claim. Mot. Dismiss at 9-10. Materiality is defined in the Act as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 5 GCA § 37101(c). However, Ryan's allegations, if taken as true as required for the purposes of this motion, are material to the Government of Guam losing tax revenue. These allegations are one of a scheme that is illegal and designed to avoid taxes and thus are material because they describe the mechanism by which Carson refuses to pay taxes.

Finally, Carson complains that Ryan did not plead "the submission or involvement of a claim causing the government to pay out or forfeit moneys." Mot. Dismiss at 11. Here, as above, the inferences are drawn in favor of Ryan, and if Carson did not pay taxes as required, then that caused the government to forfeit funds to which it was otherwise entitled.



### 2. Presentation of False Claims and False Record (Count 2 & 3).

Counts 2 and 3 concerns false claims and records presented to the Government of Guam. Carson attacks these counts by stating that a claim as defined under the Guam False Claims and Whistleblower Act was not pled to have been submitted.

The Act defines a claim, in relevant part, as "any request or demand, whether under contract or otherwise, for money or property and whether or not the government of Guam has title to the money or property." 5 GCA § 37101(a)(1). However, a claim under the Act can either be legally or factually false. A claim is factually false if it "misstated the services actually rendered." *U.S. ex re. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 64 (D.D.C. 2007). However, a claim can be legally false under the false certification theory which can include "certain misleading omissions." *Universal Health Services, Inc. v. U.S.*, 136 S.Ct. 1989, 1999 (2016). Further, "a claim that falsely certifies compliance with a particular statute, regulation or contractual terms, whether compliance is prerequisite to payment," is legally false. *Hockett,* 498 F.Supp.2d at 64. False certification can also be implied if "an entity has previously undertaken to expressly comply with a law, rule, or regulation, and that obligation is implicated by submitting a claim for payment even though a certification of compliance is not required." *Ebeid ex rel. U.S. v. Lungwitz,* 616 F.3d 993, 998 (9th Cir. 2010). Further, the Supreme Court has found that the purpose of the Act is to, "reach all types of fraud, without qualification, that might result in financial loss to the Government." *U.S. v. Neifert-White Co.*, 390 U.S. 228, 232 (1968).

In the present case, Carson's invoices coupled with Ryan's allegations, taken as true, show that Carson violated the laws of Guam by not paying required taxes on alcohol. Therefore, every time Carson files its taxes under penalty of perjury or renews its business license it is certifying that it is complying with the tax laws of Guam. Therefore, the Complaint does contain



a possible cause of action of false claims and false record under an implied certification theory. Carson repeats the duplicative arguments of scienter and materiality as argued in Claim One, and these are disposed of in the same way as above.

## B.     Motion to Dismiss Under GRCP 9(b)

Finally Carson argues that the claims should be dismissed because fraud was not pleaded with particularity as required under Rule 9(b):   "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." GRCP 9(b). However, the Guam False Claims and Whistleblower statute states that the scienter requirement of knowingly, "require[s] no proof of specific intent to defraud." 5 GCA § 37101(b)(2). Ryan argues that this provision renders a Rule 9(b) pleading of particularity unnecessary. This Court disagrees. "Rule 9(b) does apply to actions under the False Claims Act." *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.,* 290 F.3d 1301, 1309 (11th Cir. 2002). *See also Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001).

In Guam, to allege a fraudulent transaction, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction." *Taitano,* 2008 Guam 12, ¶ 18. To satisfy the particularity requirement, the pleading must include, "statements of the time, place, and nature of the alleged fraudulent activities." *Id.* ¶ 15. The pleading standard is relaxed somewhat when the relevant facts are known only to the defendant. *Id.* "Allegations of fraud must be specific enough to give defendants notice of the particular [fraudulent] misconduct . . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* ¶ 14 (*quoting Bly-Magee* at 1019).

Here, Ryan has pled the time, place, and nature of the fraudulent conduct, providing enough information for Carson to have notice of the particular alleged fraudulent conduct.



Further, most of the specifics are within the control of the defendant, and Ryan does not have to prove fraud at this point in the litigation. Rather, he must provide notice of the action with particularity as to the fraud. He has done so.

## III.    CONCLUSION

Based on the foregoing, Carson's Motion to Dismiss is DENIED.

SO ORDERED this 15th day of January 2021.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam



I acknowledge that an electronic copy of the original was e-mailed to:

Huesman
AC. Perez, Atty

Date:_____ Time: 1/15/21

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Braddock J. Huesmann, Esq., Fisher Huesman P.C., for Plaintiff John Ryan
Anthony C. Perez, Esq., Law Office of Anthony Perez, for Defendant Carson Guam Corporation
James L. Canto, II, Deputy Attorney General, Office of the Attorney General (requesting service
of all filings pursuant to 5 GCA § 37203(c)(1))